**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 09-3575

———————

DR. JOSEPH A. MAYERCHECK,
                                        Appellant

v.

JUDGES OF THE PENNSYLVANIA SUPREME COURT;
JUDGES OF THE PENNSYLVANIA SUPERIOR COURT; JUDGE
CHRISTOPHER FELICIANI; JUDGE RITA HATHAWAY; MASTER H. GERVASE FAJT;
WILLIAM WIKER; BARBARA J. IRWIN MAYERCHECK;
DISCIPLINARY BOARD OF THE SUPREME COURT OF PENNSYLVANIA

———————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 08-cv-01112)
District Judge: Honorable Gary L. Lancaster

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 11, 2010

Before: BARRY, AMBRO and COWEN, Circuit Judges

(Opinion filed: August 18, 2010)

———————

OPINION

———————

PER CURIAM

Dr. Joseph A. Mayercheck, proceeding pro se, appeals from the order of the

District Court granting the defendants' motions to dismiss. For the following reasons, we will affirm.

I.

In August 2008, Mayercheck filed a pro se complaint in the District Court alleging that the defendants conspired to deprive him of his federal constitutional rights during divorce proceedings from his wife, defendant Barbara Mayercheck. Mayercheck alleged that in May 1999, he and Barbara signed a divorce contract. In May 2000, Barbara had an attorney draft an identical contract, which the parties each signed. Mayercheck alleged that the contract was filed with the prothonotary in the Court of Common Pleas in Westmoreland County. According to Mayercheck, Barbara withdrew her divorce complaint and then refiled in 2002. Mayercheck alleged that defendant Judge Hathaway signed a temporary restraining order that Mayercheck filed to keep Barbara away from his dental practice, but then lifted the order following an ex parte meeting with Barbara and her lawyer. Mayercheck filed a written complaint against Judge Hathaway with the Presiding Judge of Westmoreland County and the Judicial Conduct Board of the Supreme Court of Pennsylvania, and informed the Federal Bureau of Investigation.

Mayercheck went on to allege that Barbara introduced fraudulent documents and untruthful testimony at their 2003 divorce hearing regarding the 2000 contract. He asserted that Judge Hathaway relied on this false evidence to find that the contract was unenforceable, and ordered Mayercheck to pay Barbara alimony pendente lite.

2

Mayercheck filed an appeal, which the Superior Court of Pennsylvania denied as interlocutory.

Defendant Judge Feliciani appointed defendant Master Fajt to preside over the proceedings pertaining to the distribution of the Mayerchecks' assets. Mayercheck alleged that Barbara and her attorney, defendant Wiker, failed to comply with court directives and that Judge Feliciani conspired with Barbara and Wiker. He further claimed that Wiker failed to follow Master Fajt's 2006 order requiring both parties to pay fees for filing pre-trial statements, that he filed a motion for sanctions against Barbara and Wiker, and that, in furtherance of the conspiracy, Judge Feliciani and Master Fajt permitted Barbara and Wiker to violate various procedural rules. Mayercheck also alleged that the Disciplinary Board's failure to act on his complaint regarding the above violations is evidence of its involvement in the conspiracy against him.

Mayercheck's complaint sought a declaratory judgment that would enforce the 2000 divorce contract and make the defendants responsible for their fees. He sought damages in excess of ninety-eight million dollars on federal civil rights and state law claims. The defendants filed motions to dismiss, which the Magistrate Judge recommended the District Court grant. The Magistrate Judge found that the District Court lacked jurisdiction over Mayercheck's equitable and civil rights claims due to the Rooker-Feldman doctrine, the Domestic Relations Exception to federal jurisdiction, and Eleventh Amendment immunity. In addition, the Magistrate Judge found that, even if the

court did have subject matter jurisdiction, Mayercheck failed to state a claim for civil rights violations on which relief could be granted under Federal Rule of Civil Procedure 12(b)(6). Finally, the Magistrate Judge determined that, given Mayercheck's failure to state a claim for relief under the Civil Rights Act, the District Court lacked supplemental jurisdiction over his remaining state law claims. After considering Mayercheck's objections, the District Court agreed, granted the motions to dismiss, and adopted the Report and Recommendation as its opinion. Mayercheck filed a timely appeal.

## II.

We have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's order is plenary. See Santiago v. GMAC Mortgage Group, Inc., 417 F.3d 384, 386 (3d Cir. 2005). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In deciding a motion to dismiss, a court must determine whether the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## III.

A.    Jurisdiction

1. The Rooker-Feldman Doctrine

The District Court first determined that it lacked jurisdiction over Mayercheck's

4

complaint under the Rooker-Feldman doctrine, which bars district courts from reviewing certain state court actions. See Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983). The doctrine will bar a claim in federal court when the claim: (1) "was actually litigated in state court prior to the filing of the federal action," or (2) "is inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong." In re Knapper, 407 F.3d 573, 580 (3d Cir. 2005). In this case, Mayercheck's complaint sought enforcement of all of the provisions of the alleged 2000 divorce contract, and he based his claims for damages on charges that the state courts made a series of wrongful decisions on evidentiary issues. He explicitly requested that the state courts' decisions be overturned. Accordingly, the District Court correctly concluded that it lacked jurisdiction to review his claims.

2. The Domestic Relations Exception

The District Court also properly determined that it lacked jurisdiction under the domestic relations exception to federal jurisdiction. This exception divests federal courts of jurisdiction over cases "'involving the issuance of a divorce, alimony, or child custody decree.'" Matusow v. Trans-County Title Agency, LLC, 545 F.3d 241, 245 (3d Cir. 2008) (quoting Ankenbrandt v. Richards, 504 U.S. 689, 704 (1992)). Therefore, as to Mayercheck's request for declaratory relief, the District Court lacked jurisdiction to enter an order pertaining to a divorce decree or to alimony.

3.  Eleventh Amendment Immunity

The Disciplinary Board of the Pennsylvania Supreme Court argued that it was immune from suit under the Eleventh Amendment. The District Court agreed, as the Eleventh Amendment has been interpreted "to make states generally immune from suit by private parties in federal court." MCI Telecomm. Corp. v. Bell Atl. Pa., 271 F.3d 491, 503 (3d Cir. 2001). The immunity extends to state agencies and departments, id., and this Court has held that Pennsylvania state courts are agencies of the Supreme Court. See Callahan v. City of Phila., 207 F.3d 668, 672 (3d Cir. 2000). As none of the exceptions to Eleventh Amendment immunity applies, see MCI Telecomm. Corp., 271 F.3d at 503, the District Court correctly concluded that Mayercheck's claims against the Disciplinary Board should be dismissed as barred under the Eleventh Amendment.

B.      Rule 12(b)(6)

The District Court went on to reason that even if it were able to exercise subject matter jurisdiction over Mayercheck's civil rights and tort claims, he failed to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6). To survive dismissal under Rule 12(b)(6), a complaint must contain more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements. " Iqbal, 129 S. Ct. at 1949.

6

### 1. <u>Bivens</u> Claim

We agree with the District Court that Mayercheck has failed to sufficiently plead a claim against any defendant under the doctrine in <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Under <u>Bivens</u>, a plaintiff may bring a claim against federal officers acting under color of law for violations of that individual's constitutional rights. <u>Id.</u> at 396-97. Mayercheck has not made any allegations about a federal agent. Accordingly, he failed to plead a plausible claim for relief under <u>Bivens</u>, <u>see</u> <u>Iqbal</u>, 129 S. Ct. at 1949, and the District Court properly dismissed the claim.

### 2. Absolute Judicial Immunity

We also agree with the District Court that the judicial defendants are immune from Mayercheck's claims for damages. The doctrine of absolute judicial immunity bars such claims so long as the individual was acting within his or her judicial capacity and had jurisdiction to so act. <u>See</u> <u>Stump v. Sparkman</u>, 435 U.S. 349, 356-57 (1978). As the District Court found, all of the defendant judges were acting within their jurisdiction throughout Mayercheck's divorce and support proceedings. Mayercheck failed to plead sufficient facts to allow an inference otherwise. <u>See</u> <u>Iqbal</u>, 129 S. Ct. at 1949. Mayercheck argues on appeal that "'progressive' law interpretation" should allow for a change in the doctrine, and cites recent examples of well-publicized judicial corruption in Luzerne County. We find his argument unpersuasive in this context. We see no error in

7

the District Court's conclusion that allowing Mayercheck to amend his complaint would be futile.  See Phillips v. County of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008).

### 3.  Claims Under the Civil Rights Act

Assuming the District Court had jurisdiction over any of Mayercheck's claims, the only remaining defendants are Wiker and Barbara.  He argued that Wiker and Barbara conspired with the other defendants to ensure a favorable outcome for Barbara and to deprive him of access to the courts.  We agree that Mayercheck failed to state a claim against either defendant under 42 U.S.C. §§ 1983, 1985, or 1986.  First, to succeed on a § 1983 claim, a plaintiff must show that the defendant, acting under color of state law, deprived him of a federal right.  West v. Atkins, 487 U.S. 42, 48 (1988).  Neither Barbara nor Wiker was acting under color of state law, and we agree with the District Court that Mayercheck's assertions that they conspired with the other judicial defendants are mere conclusory allegations.  Therefore, he fails to state a claim under § 1983.  See Iqbal, 129 S. Ct. at 1949.  Mayercheck's claims under sections 1985 and 1986 are similarly speculative, and the District Court did not err in determining that he had failed to state a plausible claim for relief.  Id.

The District Court then properly dismissed Mayercheck's remaining state law claims for lack of supplemental jurisdiction.

### IV.

Mayercheck adds a claim on appeal that the District Court conspired with the state

courts to "retract" his case to court after having first designated it for Alternative Dispute Resolution ("ADR"). He does not allege any facts to support this assertion of conspiracy. In any event, the record reveals that the District Court granted the judicial defendants' motion to be exempt from the ADR program only until final disposition of their motions to dismiss.

V.

For the foregoing reasons, we will affirm the District Court's judgment.